CENTRAL IGUALDAD, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE MAYAGÜEZ, recurrido.

No. 703.—*Sometido:* Enero 16, 1928. *Resuelto:* Enero 19, 1928.

ARRENDADOR Y ARRENDATARIO—ARRENDAMIENTOS Y CONVENIOS EN GENERAL—REQUISITOS Y VALIDEZ—INSCRIPCIÓN—DENEGATORIA DE INSCRIPCIÓN—DEFECTOS INSUBSANABLES—ARRENDAMIENTOS POR MANDATARIOS O APODERADOS—FALTA DE PODER EXPRESO—ARRIENDO POR TÉRMINO MAYOR DE SEIS AÑOS.—El poder especial a que se refiere el artículo 1451 del Código Civil Revisado para que el mandatario pueda dar en arrendamiento cosas por término que exceda de seis años, es aquél en que expresa y distintamente se faculta al mandatario para ese acto, pudiendo conferirse en un documento en que se otorguen a la vez otras facultades.

NOTA de *Pedro Gómez Laserre,* R. (Mayagüez), denegando inscripción de un contrato de arrendamiento en cuanto a ciertos condominios. *Revocada.*

*Nazario & García Méndez,* abogados del recurrente; el registrador recurrido, compareció por escrito.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

El ocho de noviembre de 1927 comparecieron ante notario, de una parte, doña Enriqueta Goico y Vidal, por su propio derecho y como apoderada de su hija Gracia María Arrarás, doña Sinforosa Pesante, don José Enrique Arrarás y don Manuel García de Quevedo, como apoderado de doña Violeta Enriqueta Arrarás, y de la otra, la Central Igualdad, Inc., representada por don Arturo Gigante, y otorgaron un contrato de hipoteca y arrendamiento de fincas rústicas.

Presentado el contrato en el registro, se inscribió sin dificultad en cuanto a la hipoteca, pero se negó la inscripción en cuanto al arrendamiento de los condominios de María Gracia y Violeta Enriqueta Arrarás, por carecer sus apoderados de facultades para otorgarlos, a juicio del registrador. También se negó la inscripción en cuanto a la finca de la Sra. Pesante, por aparecer inscrita a nombre de otra persona.

No conforme la Central Igualdad, Inc., con la nota del registrador en lo que al arrendamiento de los indicados

condominios se refieren, interpuso el presente recurso gubernativo.

Se trata de un arrendamiento por diez años y el registrador funda su negativa en la infracción del artículo 1451 del Código Civil Revisado que dice:

"El marido relativamente a los bienes de su mujer, el padre y tutor respecto a los del hijo o menor, y el administrador de los bienes que no tenga poder especial, no podrán dar en arrendamiento las cosas por término que exceda de seis años."

Toda la cuestión a decidir en este caso gira sobre lo que se entiende por poder especial.

Al contrato de hipoteca y arrendamiento de que se ha hecho mérito, se acompañaron las escrituras de poder. En ambas se confieren facultades amplísimas que abarcan quizás cuantas transacciones puedan realizarse por una persona en representación de otra y ambas contienen una cláusula que dice:

"Para que ya corporal o simbólicamente tome posesión de sus bienes actuales, muebles o inmuebles y de los que por cualquier concepto adquiera en lo sucesivo y los administre, ejercitando todas las facultades propias de un administrador general, incluso las de celebrar, llevar a efecto, modificar, prorrogar o rescindir contratos inquilinatos y arrendamientos, cuyo plazo de duración puede ser por más o menos de seis años, . . . ."

El registrador sostiene que ese poder no cumple con las exigencias del citado artículo 1451 del Código Civil Revisado, porque no es especial. No estamos conformes. La redacción de la cláusula pudo ser más perfecta, pero tal como está es suficiente.

Comentando Manresa el artículo 1548 del Código Civil antiguo, igual al 1451 del revisado, dice:

"El administrador que contrata a nombre de su principal obra en virtud de mandato. El art. 1548 le exige poder especial para dar en arrendamiento cosas por término que exceda de seis años; con las palabras 'poder especial', el Código quiere decir poder en que especialmente se le apodere para ese acto."

No cabe otra interpretación. Pretender que se requiera un documento separado y limitado solamente a determinado acto, para que se entienda debidamente constituído un poder especial, sería dificultar las transacciones de los hombres sin que por ello ganaran necesariamente en certeza y seguridad. Lo que exigió el legislador en el repetido artículo 1451 del Código Civil fué que el poderdante confiriera de modo expreso, terminante, *especial,* la facultad. Si la facultad se otorga en un documento separado o en una de las cláusulas de un documento en que se confieren otras facultades, es indiferente.

El caso de *Bernal Estate* v. *Registrador de Ponce,* 13 D.P.R. 104 que cita el registrador en su alegato, es distinto. Allí el apoderado arrendó por diez años una finca de su poderdante que lo había autorizado para arrendar sus bienes ''por el tiempo, precio y condiciones que estimare.'' El registrador se negó a inscribir el contrato entre otros motivos porque el poderdante no había conferido a su apoderado el poder especial que exigía el artículo 1451 del Código Civil y este tribunal confirmó la nota del registrador por sus propios fundamentos.

Como puede verse, dados los términos en que se constituyó el mandato, sólo podía interpretarse como general. No se refirió el poderdante *expresamente, especialmente,* a los arrendamientos por más de seis años, y no quedó, en tal virtud, autorizado su apoderado para celebrar esa clase de contratos.

Galindo y Escosura en el tomo 2, pág. 117, de sus Comentarios a la Ley Hipotecaria, haciendo referencia a las Resoluciones de la Dirección General de los Registros de 28 de noviembre de 1878, 19 de julio de 1879 y 20 de marzo de 1899, dice:

''Según el art. 1712, el mandato puede ser general o especial y según el artículo 1713 el concedido en términos generales no comprende más que los actos de administración, siendo indispensable

mandato expreso para transigir, enajenar, hipotecar o ejecutar cualquier otro acto de riguroso dominio.''

Y Manresa, coméntando los artículos 1712 y 1713 del Código Civil antiguo, iguales a los artículos 1614 y 1615 del Codigo Civil revisado, se expresa así:

"No es para olvidada la diferente redacción que existe entre el segundo párrafo del art. 1712 y el primero del 1713. Aquél habla de *mandato general,* y refiérese éste al mandato concebido en términos generales.

"De ordinario uno y otro se confunden, mas puede ocurrir que un mandato general autorice para la enajenación; dedúcese de aquí que la verdadera y sustancial diferencia entre unos y otros poderes, estribará, no en el número de los actos o negocios conferidos al mandatario, sino en la naturaleza de los actos jurídicos que puede realizar.

"La disparidad en la redacción de los dos textos suscita en nuestro derecho positivo la misma dificultad de racional exégesis suscitada en el derecho francés, y en general, en cuantos Códigos le siguen, sobre si los términos de la división establecida por el primero responden a los del segundo; esto es, si el mandato general responde al *mandato concebido en términos generales* y el mandato especial al *mandato expreso.*''

Lo que el legislador exigió en relación con el contrato de arrendamiento por más de seis años en el artículo 1451 del Código Civil Revisado, no puede ser más que lo que requirió en el 1615 del propio Código con respecto a la transacción, enajenación, hipoteca o ejecución de cualquier otro acto de riguroso dominio. Y así poder expreso y poder especial son una misma cosa, convirtiéndose el poder general cuando expresamente autoriza además la realización de los actos para los cuales se necesita un poder especial o expreso, según la frase del comentarista Sancho Tello, citado por la recurrente en su alegato, en "un haz de poderes especiales.''

*Debe revocarse la nota recurrida* en la parte en que lo ha sido y ordenarse la inscripción solicitada.